UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-cv-23893-GAYLES

WILLIE BROWN,

       Petitioner,

v.

FLORIDA DEPARTMENT OF
CORRECTIONS,

       Respondent.

_____/

## ORDER DISMISSING 28 U.S.C. § 2254 PETITION AS SUCCESSIVE

**THIS CAUSE** comes before the Court on *pro se* Petitioner Willie Brown's "Motion for Consideration of Actually [sic] Innocence as a 'Gateway' Pursuant to *Schlup v. Delo*," [ECF No. 1]. Petitioner, a state prisoner, asks this Court to consider new evidence of his actual innocence in his state criminal case. *See State v. Brown,* No. F-99-41138-A (Fla. 11th Cir. Ct. 2001).[1] Because the Motion is, in legal effect, a successive Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, it must be **DISMISSED** for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b).

## I.    BACKGROUND[2]

In 2001, Petitioner was convicted of three state felonies and sentenced to life in prison. *See generally Brown*, No. F-99-41138-A. Following his state post-conviction review process,

---

[1] Pursuant to Fed. R. Evid. 201, this Court may take judicial notice of the online docket in Petitioner's state criminal case. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020). The online docket is available at: https://www2.miamidadeclerk.gov/cjis/casesearch.aspx (search Case Number "F-99-041138-A").

[2] A more detailed factual background and procedural history of Petitioner's state criminal proceedings are set forth in Magistrate Judge Patrick A. White's Report and Recommendations on Petitioner's first § 2254 petition and Magistrate Judge Lisette M. Reid's Report and Recommendations on Petitioner's second § 2254 petition. *See Brown v. McNeil*, No. 08-cv-21688-FAM, 2009 WL 1227820 (S.D. Fla. May 5, 2009); *Brown v. Fla. Dep't of Corr.*, No. 19-cv-20370-FAM, ECF No. 14, (S.D. Fla. Apr. 24, 2020).

Petitioner filed several § 2254 petitions in this Court, challenging those convictions and sentences. His first petition was filed in 2008 and was denied on the merits and as procedurally barred. *See Brown v. McNeil*, No. 08-cv-21688-FAM, 2009 WL 1227820 (S.D. Fla. May 5, 2009). Petitioner then received a corrected sentence in his criminal case following a successful motion to correct illegal sentence under Fla. R. Crim. P. 3.800(a). *See Brown*, No. F-99-41138-A, Docket No. 468. Petitioner filed his second § 2254 petition in 2019, which was dismissed as time-barred.[3] *See Brown v. Fla. Dep't of Corr.*, No. 19-cv-20370-FAM, ECF No. 16, (S.D. Fla. Apr. 24, 2020). Petitioner then filed his *third* § 2254 petition in 2022, which was dismissed as successive. *See Brown v. Fla. Dep't of Corr.*, No. 22-cv-22821-CMA, ECF No. 5, (Sept. 14, 2022). One week later, Petitioner filed a *fourth* § 2254 petition, which was likewise dismissed as successive. *See Brown v. Fla. Dep't of Corr.*, No. 22-cv-23215-RAR, ECF No. 4, (Oct. 5, 2022).

This is now Petitioner's *fifth* § 2254 petition. In it, he claims that he has "new reliable evidence" of his actual innocence: three narrative summary police reports from the investigation that led to his arrest. [ECF No. 1 at 14, 20–30]. Petitioner avers that this evidence is not an independent claim but serves as a "gateway" through which he can raise a procedurally defaulted habeas claim. *Id*. at 4. Petitioner's claim is that the Miami-Dade police violated his Fourth Amendment rights because the anonymous tip that led police to identify him as a suspect lacked the reliability necessary to establish reasonable suspicion. *Id*. at 6–13.

---

[3] Petitioner's new judgment did not, in fact, authorize the filing of a new, non-successive § 2254 petition, because it was entered "nunc pro tunc" to the date of the original sentence. *See Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1263 (11th Cir. 2020) (where "the amended sentence [i]s entered nunc pro tunc under Florida law, it relate[s] back to the date of the original judgment and it [i]s not a 'new judgment' for purposes of 28 U.S.C. § 2244(b)"). Nevertheless, as further explained below, that does not affect the successiveness analysis here. Even without the dismissal of his 2019 petition, the instant Petition would still be successive to Petitioner's 2008 petition, which was denied both on the merits and as procedurally barred. *See Young v. Sec'y, Fla. Dep't of Corr.*, 697 F. App'x 660, 661 (11th Cir. 2017) (the denial of a § 2254 petition as procedurally barred constitutes a disposition on the merits and renders a subsequent § 2254 petition "second or successive").

## II.      LEGAL STANDARD

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing § 2254 Cases, R. 4. Likewise, the United States Supreme Court has consistently held that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (alterations added) (citation omitted). In reviewing a *pro se* petition under Rule 4, this Court must construe it liberally. *See Enriquez v. Fla. Parole Comm'n*, 227 F. App'x 836, 837 (11th Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes strict limits on a state prisoner's ability to file a "second or successive" habeas petition. *See Burton v. Stewart*, 549 U.S. 147, 152–53 (2007) (citing 28 U.S.C. § 2244(b)(1)). Under AEDPA, "before a petitioner may file a second or successive § 2254 habeas petition, the petitioner first must obtain an order from th[e] [Eleventh Circuit] authorizing the district court to consider the petition." *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 (11th Cir. 2020) (alterations added) (citing 28 U.S.C. § 2244(b)(3)(A)). Absent authorization from the Eleventh Circuit, this Court lacks jurisdiction to consider a second or successive habeas petition. *See Wallace v. Att'y Gen. of Ala.*, 825 F. App'x 737, 738 (11th Cir. 2020) (citation omitted).

The phrase "second or successive" is "not self-defining" and does not refer "to all § 2254 applications filed second or successively in time[.]" *Panetti v. Quarterman*, 551 U.S. 930, 944–45 (2007). "To determine whether an inmate's petition is second or successive, [courts] look to whether the petitioner filed a federal habeas petition challenging the same judgment." *Miles v.*

*Strickland*, 774 F. App'x 590, 592 (11th Cir. 2019) (citing *Insignares v. Sec'y, Fla. Dep't of Corr*.,

755 F.3d 1273, 1279 (11th Cir. 2014)). If the petitioner is challenging the same judgment, then his

second petition is second or successive if the first petition was denied or dismissed with prejudice.

*See id.* (citing *Guenther v. Holt*, 173 F.3d 1328, 1329 (11th Cir. 1999)). A petition is not second

or successive, however, "if it challenges a new judgment issued after the prisoner filed his first

petition." *Patterson v. Sec'y, Fla. Dep't of Corr*., 849 F.3d 1321, 1325 (11th Cir. 2017).

## III.   DISCUSSION

The instant Petition is second or successive because Petitioner has filed multiple § 2254

petitions challenging the same judgment that were denied or dismissed with prejudice. The first §

2254 petition, as mentioned, was filed in 2008. *See Brown*, 2009 WL 1227820. The Magistrate

Judge found that the petition was both procedurally barred and without merit, a finding which was

fully adopted by the district court. *See id*. Both dispositions rendered subsequent § 2254 petitions

second or successive. *See Young*, 697 F. App'x at 661 (quoting *Henderson v. Lampert*, 396 F.3d

1049, 1053 (9th Cir. 2005)) (alterations adopted) ("a denial on grounds of unexcused procedural

default . . . renders a subsequent § 2254 petition or § 2255 motion 'second or successive'"); *Bowles

v. Sec'y, Fla. Dep't of Corr*., 935 F.3d 1176, 1180 (11th Cir. 2019) (a denial of a § 2254 petition

on the merits renders a later § 2254 petition second or successive).

Petitioner then filed another § 2254 petition in 2019. *See Brown*, No. 19-cv-20370-FAM,

ECF No. 1. The Magistrate Judge determined that because Petitioner's 2017 corrected sentence

was a new judgment, the petition was not second or successive but was nonetheless untimely. *See

id*., ECF No. 14. The district court adopted the Magistrate Judge's Report in full and dismissed the

petition as time-barred. *See id*., ECF Nos. 16, 17. That judgment—whether correct or not—is

preclusive on this case. *See Seminole Tribe of Fla. v. Biegalski*, 757 F. App'x 851, 861 (11th Cir.

2018) ("To the extent there was error in the prior action, that does not affect the preclusive consequences of the judgment."). Therefore, the instant petition is successive to Petitioner's 2019 petition because the dismissal of a habeas petition as time-barred constitutes an adjudication on the merits for second-or-successive purposes. *See Thomas v. Sec'y, Fla. Dep't of Corr.*, 737 F. App'x 984, 985 (11th Cir. 2018) (citing *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007)). But, as noted, even if the instant Petition were *not* successive to the 2019 petition, it would still be successive to the 2008 petition.

Petitioner does not contend that he has received a new judgment since the dismissal of his 2019 petition, and his state court docket confirms that he has not. Therefore, under 28 U.S.C. § 2244(b)(3)(A), Petitioner was required to obtain authorization from the Eleventh Circuit to file the instant Petition. A review of the Eleventh Circuit's CM/ECF database reveals that he has not.[4]

The fact that Petitioner labels his Petition a "Motion for Consideration of Actual[] Innocence" has no bearing on whether it is a successive § 2254 petition. Federal courts "have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). "The requirement that a movant seek certification from the appellate court for the filing of a successive habeas application is dependent not on the characterization the movant chooses for his motion, but rather on the actual substance of the relief he seeks." *Haag v. Florida*, 792 F. App'x 664, 666 (11th Cir. 2019) (holding that "the district court

---

[4] Petitioner presented the claim he raises here, along with his "newly discovered evidence," to the Eleventh Circuit in an application for leave to file a successive § 2254 petition on August 1, 2023. The Eleventh Circuit denied the application, explaining that Petitioner's claim and newly discovered evidence do not meet the criteria in § 2244(b)(2) because they do establish his actual innocence, but instead suggest only a constitutional violation in the police procedures that led to his arrest. *See In re: Brown*, No. 23-12599 (11th Cir. Aug. 28, 2023).

did not err in looking beyond the styling of [the petitioner's] motion to its substance and concluding

that it was in fact a habeas corpus petition."). There is no doubt that Petitioner's claim is, in

substance, a habeas claim because it seeks to invalidate his conviction. As such, it may only be

brought in a § 2254 petition. *See Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("if the

relief sought by the inmate would either invalidate his conviction or sentence or change the nature

or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition."). In any

event, Petitioner acknowledges that his Motion is, in reality, a § 2254 petition. [ECF No. 1 at 18]

("the petitioner respectfully submits that the petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254(e)(2) should be granted . . . .").

Lastly, Petitioner cannot evade the requirement that he obtain authorization from the

Eleventh Circuit by alleging newly discovered evidence of his actual innocence. Section

2244(b)(2) carves out three exceptions to the bar on second or successive petitions, one is if "the

factual predicate for the claim could not have been discovered previously through the exercise of

due diligence[.]" 28 U.S.C. § 2244(b)(2)(B)(i). But under § 2244(b)(3), Petitioner still must obtain

authorization from the Eleventh Circuit to present a claim based on newly discovered evidence.

*See Gillman v. Sec'y, Dep't of Corr.*, 728 F. App'x 980, 982 (11th Cir. 2018) ("Even if [the

petitioner's] substantive claims were based on newly discovered evidence such that they would

qualify under one of the exceptions to § 2244(b)'s dismissal requirement, the statute required him

to seek authorization from [the Eleventh Circuit] before filing the second petition in the district

court").

Accordingly, without authorization from the Eleventh Circuit, this Court lacks subject

matter jurisdiction to consider the instant Petition. *See* § 2244(b)(2)–(3); *El-Amin v. United States*,

172 F. App'x 942, 946 (11th Cir. 2006).

### IV.   CERTIFICATE OF APPEALABILITY

The Court cannot issue a certificate of appealability, as it lacks jurisdiction to consider the Petition. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) (citation omitted). However, the Court advises that "a certificate is unnecessary to permit [the Eleventh Circuit] to review the [ ] court's order of dismissal[] . . ." *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004). Therefore, no certificate of appealability shall issue.

### V.   CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.  Petitioner's Petition for Writ of Habeas Corpus under § 2254 [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction as an unauthorized second or successive petition under § 2244(b).

2.  No certificate of appealability shall issue.

3.  The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of October, 2023.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   **Willie Brown**, *pro se*
186929
Taylor Correctional Institution
Inmate Mail/Parcels
8501 Hampton Springs Road
Perry, FL 32348